CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 02 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:10-CR-13 |
| | ) | |
| v. | ) | |
| | ) | |
| LUIS MIGUEL AYBAR, | ) | By:   Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Luis Miguel Aybar, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 119. He asks the court to reduce his term of imprisonment from 120 months to 70 months. After filing the motion for modification of his sentence, Aybar was released from prison because he had fully served his sentence and he currently is on supervised release. The government agrees that Aybar is eligible for consideration of a reduction of his sentence, but asserts that relief should be limited to a reduction in his term of supervised release from 5 years to 4 years. For the reasons set forth below, the court will **GRANT** Aybar's request in part and **DENY** it in part. His sentence will be modified to time served, rather than 70 months, to be followed by a 4-year term of supervised release.

I.

On May 6, 2010 Aybar was indicted on one count of possessing with intent to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On August 5, 2010 Aybar was charged by superseding indictment with one count of conspiracy to distribute and possess with intent to distribute

more than 50 grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Count 1), and one count of possessing with intent to distribute, as a principal and aider and abettor, 50 grams or more of a mixture containing cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(A) (Count 2). ECF No. 25. The government also filed an information to establish a prior conviction for possession with intent to distribute cocaine in the Superior Court for the County of Middlesex, New Jersey. ECF No. 22.

On October 1, 2010 Aybar entered into a Rule 11(c)(1)(C) plea agreement where he pleaded guilty to Count 1, with the understanding that Count 2 would be dismissed at sentencing. The parties agreed that Aybar would be sentenced to 120 months. ECF Nos. 64, 124. On October 5, 2010 the government moved to withdraw the 21 U.S.C. § 851 enhancement. ECF No. 66. Aybar pleaded guilty in accordance with the plea agreement on October 6, 2010. ECF Nos. 68, 73. On January 6, 2011 Aybar was sentenced to 120 months on Count 1, to be followed by a 5-year term of supervised release. Count 2 was dismissed. ECF No. 82.[1]

In the PSR it was stated that Aybar was responsible for at least 196 but not more than 280 grams of cocaine base. ECF No. 124. He had a total offense level of 27 and a criminal history category of III, which resulted in a guideline range of 87 to 108 months. U.S.S.G. Ch. 5 Pt. A; ECF No. 124. His 120-month sentence reflected the statutory minimum sentence. 21

---

[1] Aybar was sentenced after passage of the Fair Sentencing Act of 2010. See discussion, infra. However, he pleaded guilty pursuant to the binding Rule 11(c)(1)(C) plea agreement in accordance with the original indictment, which was filed before the effective date of the Fair Sentencing Act. Therefore, he was sentenced under the pre-Fair Sentencing Act changes to 21 U.S.C. § 841(b)(1).

U.S.C. § 841(b)(1)(A) (2008). ECF Nos. 86, 126. Aybar was released from custody to his term of supervised release on February 1, 2019.[2]

Prior to passage of the Fair Sentencing Act, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2008). In 2010, the Fair Sentencing Act was passed, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

Th First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

---

[2] https://www.bop.gov/inmateloc/ (last viewed May 1, 2019).

## II.

The parties agree that the First Step Act applies to Aybar. Because he pleaded guilty to 50 grams of cocaine base, and had an accountable drug weight of 196 to 280 grams of cocaine base, if he had been sentenced under the Fair Sentencing Act, he would have had a mandatory minimum sentence of 60 months and a guideline sentencing range of 70-87 months. 21 U.S.C. § 841 (b)(1)(B) (2008). U.S.S.G. Ch. 5 Pt. A.

Had Aybar been sentenced in accordance with the Fair Sentencing Act, the appropriate sentence would have been 70 months followed by a 4-year term of supervised release. A sentence of 70 months is the bottom of the guidelines range and corresponds to the 120-month sentence which was the statutory mandatory minimum sentence in his case. Thus, an appropriate sentence for Aybar under the First Step Act would be 70 months, followed by a 4-year term of supervised release.

Because Aybar has been released on supervision, his sentence will be modified to time served, rather than 70 months, and a 4-year period of supervised release. Aybar argues that he is entitled to have his sentence modified to 70 months and should be allowed to apply his overserved time against any future violation of supervised release. The court declines to allow Aybar to have "banked" time to apply to a future violation of supervised release. While it is unfortunate that Aybar served more time in prison than he would have had he been sentenced under the Fair Sentencing Act, nothing in the First Step Act makes it appropriate to allow a defendant to "bank" any time he overserved against future violations of his conditions of supervised release. Also, Aybar would have very little incentive to comply with the conditions

of supervised release if he were allowed to use the excess time he served in prison to offset any time he might be ordered to serve for violation of the terms of his supervised release. See United States v. Johnson, 529 U.S. 53, 59 (2000) (declining to allow excess prison time to be applied to a term of supervised release, reasoning that the objectives of supervised release would be thwarted if excess prison time were applied to offset and reduce the term).

## III.

The court will **GRANT** Aybar's's emergency motion to reduce his sentence, ECF No. 119, and modify his sentence to time served, to be followed by a 4-year term of supervised release. The court will **DENY** his request to modify his sentence to 70 months. The court finds that a sentence of time served is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

An appropriate Order and amended judgment will be entered.

Entered:   05-02-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge